# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**KEVIN OKUM**	**PLAINTIFF**

**v.**	**CIVIL ACTION NO. 5:25-CV-004-JHM**

**CHRISTIAN CO. JAIL,** *et al.*	**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Okum, a convicted inmate currently incarcerated at the Graves County Jail, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 complaining of events occurring during his detention at the Christian County Jail (CCJ). This matter is currently before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I. SUMMARY OF CLAIMS

Plaintiff brings suit against CCJ Jailer Adam Smith (Smith), Sergeant Barbara Campbell (Campbell), and Major Davy Burd (Burd) in their individual and official capacities, and against the CCJ.

Plaintiff's complaint alleges that on or about December 1, 2024, Plaintiff "requested via the jail chaplain and Kitchen Sgt Barbara Campbell via institutional mail to be placed on a Kosher diet tray at every meal every day. This request was honored and [Plaintiff] started receiving Kosher trays at chow per his religious preference and practice." On January 3, 2025, at 8:30 a.m., Defendant Campbell provided Plaintiff with "copies of two commissary receipts from 12-19-24 and 12-26-24 containing a calzone hot pocket from hot cart commissary," and "[one] bottle of nicotine lozenges." According to Plaintiff, Campbell stated, "'these items are not Kosher . . .

therefore I'm removing you from your Kosher dietary regiment.'"

Plaintiff states, "my preference to be on a Kosher diet is protected by my 1st Amendment right to freedom of religion and practices especially while incarcerated." He notes that "the calzone was purchased for another inmate . . . in exchange for a set of thermal bottoms and tops because it is very cold in this jail." Plaintiff alleges that he filed an institutional grievance on this matter, "which was replied to on 1-3-25 upholding Sgt Barbara Campbell's irrational justification for denying my religious conformity" by Defendant Burd. Plaintiff concludes,

> This is causing me mental anguish, frustration, anxiety. And I feel I'm being discriminated against. Christian County KY is by census, a predominately Christian county in KY. Jews are in fact a minority. My 1st Amendment is being violated and I've exhausted all internal remedies available to me here at Christian County Jail.

As relief, Plaintiff seeks monetary and punitive damages; an injunction directing "CCJ to honor my 1st Amendment and restore my kosher diet trays;" and a declaration that "religious trays are not a priveledge" at CCJ.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. <u>ANALYSIS</u>

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *Individual Capacity Claims*

First, Plaintiff alleges that Defendant Campbell violated his First Amendment right to freedom of religion by removing him from his Kosher meal program for purchasing two non-Kosher items from commissary, one of which was purchased for a fellow inmate. "Prisoners retain

3

the First Amendment right to the free exercise of their religion." *Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011) (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)). A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v. Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015).

Upon consideration, the Court will allow this claim to continue against Defendant Campbell for damages. *See Colvin v. Caruso*, 605 F.3d 282, 297 (6th Cir. 2010) (a prison's "policy of removing a prisoner from the kosher-meal program for mere possession of a nonkosher food item may be overly restrictive of inmates' religious rights.").

Next, Plaintiff appears to allege that Defendant Burd is liable for a First Amendment free exercise violation by upholding Defendant Campbell's determination to remove Plaintiff from the Kosher meal program. Inasmuch as Plaintiff attempts to bring a claim against Burd based on the denial of a grievance, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal . . . fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation. *Shehee*, 199 F.3d at 300.

Accordingly, the Court will dismiss Plaintiff's claim against Burd for failure to state a claim upon which relief may be granted.

Finally, the complaint contains no allegations against Defendant Smith, named as Jailer of CCJ. The Court assumes that Plaintiff is seeking to hold him liable as the supervisor of the other Defendants. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.* at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Because Plaintiff does not allege that Smith personally took actions which violated Plaintiff's First Amendment constitutional rights, the Court will dismiss Plaintiff's claim against him for failure to state a claim upon which relief may be granted.

### B. Official Capacity Claims

As stated above, Plaintiff sues CCJ and Defendants Smith, Campbell, and Burd in their official capacities.

As an initial matter, CCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000). In this situation, Christian County is the

proper Defendant.  *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Plaintiff's official capacity claims against Defendants Smith, Campbell, and Burd are also actually against Christian County.  *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's claims against CCJ and the other named Defendants in their official capacities are redundant to Plaintiff's claim against Defendant Christian County and will be dismissed for this reason.

As to Christian County, it cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a county policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

The Court liberally construes the complaint as challenging a policy or custom at the CCJ that allegedly resulted in a violation of his religious rights by withholding or suspending his Kosher meal program.  Upon consideration, the Court will allow Plaintiff's First Amendment claim to continue against Christian County.

### C. *Claims for Injunctive and Declaratory Relief*

Plaintiff seeks injunctive and declaratory relief to order CCJ to restore his Kosher diet trays and to "order CCJ – religious trays are not a priveledge."  Because the record reflects that Plaintiff has been transferred to another facility, his request for injunctive and declaratory relief must be

dismissed as moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *see also Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) ("A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility.")

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the First Amendment free exercise claim for damages against Christian County and against Defendant Campbell in her individual capacity will continue past initial review. In permitting this claim to continue, the Court passes no judgment on its merit and ultimate outcome. The Court will enter a separate Scheduling Order governing the development of this claim.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate CCJ, Smith, and Burd as Defendants to this action, and to add Christian County as a Defendant.

Date: May 12, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.015